UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:19-CR-110-JMH
(Related Civil Action No. 5:20-CV-349-JMH)

UNITED STATES OF AMERICA,                                                    PLAINTIFF,

V.                               **RECOMMENDED DISPOSITION**

JULIO CESAR CORDERO-BARRIOS,                                              DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

Julio Cesar Cordero-Barrios, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence of 72 months and one day. [R. 48]. Having been fully briefed, this matter is now ripe for review. This Court recognizes that Cordero-Barrios is proceeding pro se and construes his motion more leniently. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Castro v. United States*, 540 U.S. 375, 381-83 (2003). Nevertheless, due to the reasons discussed herein, Cordero-Barrios fails to establish that he is entitled to relief under 28 U.S.C. § 2255. Therefore, it is RECOMMENDED that Cordero-Barrios's motion to vacate be DENIED.

### I. FACTS AND PROCEDURAL HISTORY

On May 14, 2019, Cordero-Barrios was arrested on a Criminal Complaint for conspiracy to distribute a mixture or substance containing fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See generally* 5:19-mj-05119-MAS. On June 6, 2019, a grand jury returned a five-count indictment, charging the defendant with: three counts of knowingly and intentionally distributing a quantity or substance containing a detectable amount of fentanyl, a Schedule II controlled

substance, in violation of § 841(a)(1) (Counts 1-3); one count of possession of a quantity of a mixture or substance containing a detectable amount of fentanyl (with distributive intent), in violation of § 841(a)(1 (Count 4); and one count of knowingly possessing a firearm in furtherance of a drug trafficking crime, as charged in Count 4, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5). [R. 1]. Pursuant to a Plea Agreement, the United States moved to dismiss Counts 1-3 in exchange for a guilty plea to Counts 4 and 5 of the indictment. [R. 28]. The Plea Agreement was accepted by the Court and Cordero-Barrios pleaded guilty. [R. 29]. Ultimately, Cordero-Barrios was sentenced to a six year and one day period of incarceration, with a term of three years of supervised release. [*See* R. 31, 32]. Now, the defendant moves to vacate his sentence, pursuant to 28 U.S.C. § 2255, arguing that the indictment is invalid because there is no evidence that the grand jury made the return in open court. [R. 48 at p. 4].

## II. STANDARD OF REVIEW

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. Pursuant to 28 U.S.C. § 2255, a prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). For a federal prisoner to prevail on such a claim, he bears the burden of showing that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceedings invalid. *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003), cert. denied, 540 U.S. 879 (2003). If the prisoner alleges constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)). Alternatively, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results

in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process. *Watson*, 165 F.3d at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990).

### III. ANALYSIS

Cordero-Barrios's sole claim is that this Court lacked jurisdiction to impose judgment upon him because the indictment was not returned in open court. [R. 48 at p. 4]. He argues that the indictment was not returned in open court because the court's "attention was not called" which "render[ed] the indictment invalid." [*Id.*]. Cordero-Barrios further argues that there is no transcript which shows the indictment was returned by a "legally constituted grand jury" whose "findings confer power on the court to hear the case." [*Id.*]. However, Cordero-Barrios's claim lacks merit because he fails to show a defect in either the grand jury proceeding or the indictment which would deprive this Court of jurisdiction. Further, Cordero-Barrios waived his ability to make this claim in his plea agreement and his claim is procedurally defaulted.

Cordero-Barrios's Jurisdiction Claim

First, the undersigned will address Cordero-Barrios's claim that the Court lacked jurisdiction to hear his case. Rule 6 of the Federal Rules of Criminal Procedure states that: "A grand jury may indict only if at least 12 jurors concur. The grand jury--or its foreperson or deputy foreperson--must return the indictment to a magistrate judge in open court." Fed. R. Crim. P. 6(f). "Open court" means that the foreperson simply presents the indictment to the court while the court is in session. *See United States v. Lennick*, 18 F.3d 814, 817 (9th Cir. 1994) (noting that Rule 6(f) requires indictments be physically handed to a magistrate judge when court is in session); 41 Am. Jur. § 31 (2d ed. 1995) ("In order to be a legal accusation, an indictment generally must be brought in open court. In other words, it must be returned into court while the judge is presiding.").

"The handing of the indictment to the clerk and the entry of it on the record was all the [rule] ever intended." *Renigar v. United States*, 172 F. 646, 648-52 (4th Cir. 1909).

Contrary to the defendant's assertions, there does not need to be evidence in the record (nor a transcript) to show that Rule 6(f) was satisfied. There is a general requirement that all grand jury proceedings remain secret. *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 218-19 (1979). Further, "[a] presumption of regularity attaches to a grand jury's proceedings and the defendant has the burden of demonstrating that an abuse has occurred." *Franco v. United States*, No. 98-5702, 1999 U.S. App. LEXIS 20275, at *5-6 (6th Cir. Aug. 9, 1999) (citing *United States v. Breitkreutz,* 977 F.2d 214, 217 (6th Cir. 1992)). Cordero-Barrios offers no proof that the indictment was not returned in open. In fact, Cordero-Barrios concedes that the record indicates that the indictment was returned in open court. [R. 48 at p. 4 (Cordero-Barrios states "While the record of the court indicate [*sic*] the indictment was returned in open court…")]. Thus, Cordero-Barrios fails to meet his burden and the Court takes judicial notice that the indictment was properly returned. *See United States v. Daychild*, 357 F.3d 1082, 1099 (9th Cir. 2004) (holding that when a defendant challenges whether an indictment was properly returned the court may take judicial notice of court records to determine whether proper procedures were followed); *Odman v. United States*, No. 1:04CV44 (4:96CR53), 2005 U.S. Dist. LEXIS 36072, at *17-18 (W.D.N.C. Dec. 9, 2005) (collecting cases and taking judicial notice that indictment was properly returned because the indictment contained the signature of the foreperson and the Clerk's filed stamp); [R. 1-1 (Indictment charging Cordero-Barrios which includes the signature of the foreperson and the Clerk's filed stamp)].

Lastly, contrary to Cordero-Barrios's argument, any potential defect in his indictment would not deprive this Court of jurisdiction. *See United States v. Cotton*, 535 U.S. 625, 630-31

(2002) ("defects in an indictment do not deprive a court of its power to adjudicate a case"). Further, because the failure to bring an indictment in open court is not a jurisdictional error, Cordero-Barrios waived any claim he may have had by failing to bring it before trial. *See United States v. Kahlon*, 38 F.3d 467, 469 (9th Cir. 1994) (claim that indictment was not returned in open court was not a jurisdictional claim and was waived when defendant failed to bring it before trial); *United States v. Clarkson*, 321 F. App'x 534, 535 (8th Cir. 2009) (Court found that defendant waived any claim that the indictment had not been returned in open court by pleading guilty to two counts of the indictment). Thus, Cordero-Barrios fails to meet his burden of showing any defect in the grand jury proceeding or indictment and this Court had jurisdiction to hear Cordero-Barrios's criminal case.

Cordero-Barrios's Plea Agreement

Further, Cordero-Barrios waived his ability to bring this claim in his plea agreement. Cordero-Barrios's plea agreement stated that, except for claims of ineffective assistance of counsel, he agreed to "waive[] the right to attack collaterally the guilty plea, conviction, and sentence." [R. 28 at p. 4]. Generally, "[i]t is well settled that a defendant in a criminal case may waive any right, even a constitutional right, by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001). The waiver must be knowing and voluntary. *Id*. at 764. In order to overcome this waiver, Cordero-Barrios must articulate a basis for attacking its validity. *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007) (citing *United States v. McGilvery*, 403 F.3d 361, 363 n. 2 (6th Cir. 2005); *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)). A defendant may challenge the validity of the waiver on the basis that his plea was not knowing or voluntary, or that it was the product of ineffective assistance. *Id*. at 422.

Here, Cordero-Barrios does not argue that his plea was not knowing or voluntary, nor does

he argue that it was the product of ineffective assistance. *See* [R. 48]. Instead, Cordero-Barrios argues that his plea was not binding because the indictment was invalid. [R. 52 at p. 2]. The issue with Cordero-Barrios's argument is that it does not challenge the validity of the plea itself, but instead challenges the validity of the entire proceeding. This argument is not enough to overcome his waiver of his right to collaterally attack his conviction. *See Watson*, 165 F.3d at 489 ("A knowing and voluntary waiver of a statutory right is enforceable. While we do not hold that [a defendant's] waiver categorically forecloses him from bringing any section 2255 proceeding, such as a claim of ineffective assistance of counsel or involuntariness of waiver, the question of the degree of his culpability is an issue clearly contemplated by, and subject to, his plea agreement.") (quoting *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993)). Thus, Cordero-Barrios fails to meet his burden and his waiver should be enforced.

Procedural Default

Further, Cordero-Barrios's claim is procedurally defaulted. A motion to vacate under Section 2255 does not substitute for a direct appeal. *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). The procedural default doctrine bars "claims that could have been raised on direct appeal[] but were not," except for those claims of ineffective assistance of counsel. *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013); *Bousley v. United States*, 523 U.S. 614, 621 (1998). Here, Cordero-Barrios concedes that he did not appeal his conviction. *See* [R. 48 at p. 1 (no. 8 shows Cordero-Barrios checked "No" to the question "Did you appeal from the judgment of conviction?")].

Nevertheless, "[i]n the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he must also show either that (1) he had good cause for his failure to raise such arguments and he would suffer

prejudice if unable to proceed, or (2) he is actually innocent." *Regalado*, 334 F.3d at 528. In other words, if a defendant fails to establish cause, then it is unnecessary for a court to determine if he was prejudiced by the alleged violation. *Bousley*, 523 U.S. at 623. Cause sufficient to excuse default ordinarily consists of "some objective factor external to the defense" that prevented Defendant from raising the issue on direct appeal. *Murray v. Carrier*, 106 S. Ct. 2639, 2645 (1986).

Cordero-Barrios fails to show sufficient cause for failure to raise these claims on appeal. Cordero-Barrios states that the reason he did not file an appeal challenging his indictment is that an appeal "would have been a waste of the court's time." [R. 48 at p. 5]. This reason is not sufficient to excuse default under the *Murray* standard because it fails to point to an objective factor external to the defense which actually prevented Cordero-Barrios from bringing his claim on appeal.

However, if a defendant cannot establish cause and actual prejudice for his procedural default, then he may still obtain review of a claim in a collateral proceeding if he can establish actual innocence. *Bousley*, 523 U.S. at 623. The problem with this is that Cordero-Barrios has not alleged any new evidence. *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (holding that claim of actual innocence to excuse a procedural default must be based on new evidence). Therefore, without a showing of cause or actual innocence, Cordero-Barrios's claim challenging the validity of his indictment is procedurally defaulted and must fail.

In conclusion, Cordero-Barrios failed to meet his burden to show that there was any error in the grand jury proceeding. Even if the defendant had been able to meet this burden, this Court would have still had jurisdiction to hear his case because a defect in an indictment does not preclude the court from having jurisdiction over the matter. Further, Cordero-Barrios waived his ability to make this claim in plea agreement. Lastly, his claim is procedurally defaulted. Thus, Cordero-Barrios fails to establish that he is entitled to relief under § 2255 and the undersigned

recommends that his petition be denied.

### IV. CERTIFICATE OF APPEALABILITY

A Certificate of Appealability may issue where a movant made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a movant to demonstrate that "reasonable jurists would find that the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000) (stating that issuance of a Certificate of Appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255); *see also Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039-40 (2003). The reviewing court must indicate which specific issues satisfy the "substantial showing" requirement. 28 U.S.C. § 2253(c)(3); *Bradley v. Birkett*, 156 F. App'x 771, 774 (6th Cir. 2005). For dismissals on procedural grounds, as to when a Certificate of Appealability to be issued, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 120 S. Ct. at 1604.

Here, Cordero-Barrios has not made a "substantial showing" as to any claimed denial of his rights. Moreover, the Court also believes that reasonable jurists would not find its determination on the merits debatable. Therefore, this Court recommends that the District Court deny a Certificate of Appealability.

### V. RECOMMENDATION

As such, having reviewed the defendant's pending motion to vacate [R. 48], and in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings, IT IS RECOMMENDED that:

1. Cordero-Barrios's motion to vacate his sentence under § 2255 [R. 48] be DENIED;

2. A Certificate of Appealability be DENIED as to all issues raised, should Cordero-Barrios so request.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(1).

Signed February 2, 2021.



Signed By:
Edward B. Atkins  *EBA*
United States Magistrate Judge